IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSICA STARK, | § |
| | § |
|    Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:21-CV-03822 |
| SILEN PAHLAVAN, SOGOL | § |
| PAHLAVAN, MOHAMMAD PARVIZIAN, | § |
| and ABC PEDIATRIC CLINIC, P.A., | § |
| | § |
|    Defendants. | § |

**DEFENDANTS' ANSWER**

Subject to its affirmative defenses, Defendants ABC Pediatric Clinic, P.A., Silen Pahlavan, Sogol Pahlavan, and Mohammad Parvizian ("Defendants") file this Answer to Plaintiff Jessica Stark's Original Complaint (Doc. 1-1).

**I.**
**DISCOVERY CONTROL PLAN**

1. The assertions in paragraph 1 of Plaintiff's Complaint are not factual allegations and, consequently, need not be admitted or denied.

**II.**
**PARTIES**

2. Defendants is without sufficient information to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint; therefore, such allegations are denied.

3. Defendants admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants admits the allegations in paragraph 3 of Plaintiff's Complaint.

5. Defendants admits the allegations in paragraph 3 of Plaintiff's Complaint.

6. Defendants admits the allegations in paragraph 3 of Plaintiff's Complaint.

## III.
## VENUE

7. Defendants admit venue is proper in Harris County, Texas and the Houston Division of the United Stated District Court, Southern District of Texas.

## IV.
## STATEMENT OF FACTS

8. The assertions in paragraph 8 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

9. The assertions in paragraph 9 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

10. The assertions in paragraph 10 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

**A.   Stark's Relationship with Sogol, Silen, Mohammad and ABC**

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12. As of the date of this answer, the information asserted in paragraph 12 (which is not limited to a particular time) has not been verified or confirmed; consequently, Defendants deny such allegations.

13. Defendants admit that Plaintiff commenced her employment with Defendant ABC Pediatric Clinic in 2015 and that in 2016 she performed billing duties for Defendant ABC Pediatric Clinic. Defendants deny the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

**B.   ABC's Medicaid Fraud**

15. Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

        (1)      Double-Billing Private Insurance

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

        (2)      Upcoding billing for hearing exams and earwax removal

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

        (3)      False billing for vaccines

27.     Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

**C.**     **Stark's Efforts to Stop Violations of the TMFPA**

32.     Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants admit Plaintiff's employment was terminated on or about May 21, 2019 because she reportedly threatened a co-worker on many occasions and ultimately told the same co-worker she would visit and burn down the co-worker's home with the co-worker and three children in it. Defendants deny the remaining allegations in paragraph 37 of Plaintiff's Complaint.

**D.    ABC's Retaliation Against Stark For Her Efforts to Stop ABC's TMFPA Violations**

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint; however, Defendants deny such allegations.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants admit the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants admit that on May 22, 2019 defendant Mohammad filed a truthful report with the Harris County Sheriff's Office. The narrative section of the report reads, in part, that Plaintiff "intentionally changed/altered highly sensitive password protected documents" on Defendant's computer system without consent of Defendant ABC Pediatric Clinic. Defendants deny the remaining allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants admit that Jennifer Starnes, the co-worker to whom Plaintiff refers submitted a truthful statement to the Harris County Sheriff's office reporting the threats made by Plaintiff towards her. Ms. Starnes also submitted an email to Defendants on May 20, 2019 reporting the threats made by Plaintiff. Defendants deny the remaining allegations in paragraph 44 of Plaintiff's Complaint.

### E. Failure to Pay Overtime

45. The statement in paragraph 45 of Plaintiff's Complaint need not be admitted or denied; however, Defendants such allegations.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50. The statement in paragraph 50 of Plaintiff's Complaint need not be admitted or denied; however, Defendants such allegations.

51. Defendants admit Defendant ABC Pediatric Clinic is subject to the Fair Labor Standards Act. Defendants deny the remaining allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants admit Defendant ABC Pediatric Clinic is subject to the Fair Labor Standards Act. Defendants deny the remaining allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendants admit Defendant ABC Pediatric Clinic is subject to the Fair Labor Standards Act. Defendants deny the remaining allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendants admit Plaintiff was exempt from overtime under the FLSA but otherwise deny the allegations in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations in paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64. The statement in paragraph 64 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

**F.**  **Failure to pay for Stark's Unused Paid Time Off**

71. Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

**G.**  **Stark's Agreement to Babysit the Children of Sogol, Silen, and Mohammad**

72. Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

# V.
# CAUSES OF ACTION

## COUNT 1: MEDICAID FRAUD RETALIATION

77. Defendants incorporate by reference the foregoing answers and denials.

78. The statement in paragraph 78 and sub-paragraphs a-d of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

79. The statement in paragraph 79 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

80. The statement in paragraph 80 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

81. The statement in paragraph 81 of Plaintiff's Complaint need not be admitted or denied; however, Defendants deny such allegations.

82. Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations in paragraph 83 of Plaintiff's Complaint.

## COUNT 2: FLSA – FAILURE TO PAY OVERTIME

84. Defendants incorporate by reference the foregoing answers and denials.

85. Defendants admits Plaintiff was an employee of defendant ABC Pediatric Clinic but deny the remaining allegations in paragraphs 85 of Plaintiff's Complaint.

86. Defendants deny the allegations in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

### **COUNT 3: FLSA – FAILURE TO MAINTAIN ACCURATE RECORDS**

94. Defendants incorporate by reference the foregoing answers and denials.

95. Defendants deny the allegations in paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations in paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations in paragraph 97 of Plaintiff's Complaint.

### **COUNT 4: BREACH OF CONTRACT**

98. Defendants incorporate by reference the foregoing answers and denials.

99. Defendants deny the allegations in paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations in paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations in paragraph 101 of Plaintiff's Complaint.

### **COUNT 5: BREACH OF CONTRACT**

102. Defendants incorporate by reference the foregoing answers and denials.

103. Defendants deny the allegations in paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations in paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint.

### **JURY DEMAND**

108. Defendants admits that Plaintiff filed a jury demand in state court before the case was removed to federal court.

## PRAYER

Defendants deny Plaintiff is entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burdens of proof not otherwise assigned to Defendants by law:

### FIRST DEFENSE

Defendant affirmatively pleads, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant affirmatively pleads, Plaintiff was an at-will employee.

### THIRD DEFENSE

Defendant affirmatively pleads, Plaintiff's claims are barred, in whole or in part, to the extent such claims were not filed within the applicable statutes of limitations.

### FOURTH DEFENSE

Defendant affirmatively pleads, Plaintiff is not entitled to any recovery to the extent the work she performed falls within exemptions provided for under the FLSA, including but not limited to the executive and/or administrative exemptions in 29 U.S.C. § 213(a), or a combination of exempt duties. *see* 29 C.F.R. §§ 541.100, 541.200, 541.601, and 541.708.

### FIFTH DEFENSE

Defendant affirmatively pleads, Plaintiff's breach of contract claims are invalid or barred to the extent the statute of frauds applies.

### SIXTH DEFENSE

Defendant affirmatively pleads, even if Plaintiff proves unlawful retaliation, Defendants

are not liable because their actions were consistent with business necessity, were based on factors other than Plaintiff's protected activity and Defendants would have decided to terminate Plaintiff in the absence of her protected activity.

### SEVENTH DEFENSE

Defendants affirmatively plead Plaintiff's recovery is barred or limited under the after-acquired evidence doctrine to the extent Plaintiff engaged in misconduct discovered by Defendants after Plaintiff's termination that would have resulted in Plaintiff's termination.

### EIGHTH DEFENSE

Defendants affirmatively plead Plaintiff's recovery is barred or limited to the extent Plaintiff failed to mitigate her damages.

### NINTH DEFENSE

Defendants affirmatively plead that any award of punitive damages must be dismissed or reduced to the extent it constitutes a violation of due process.

### TENTH DEFENSE

Defendants alternatively plead that Plaintiff's recovery is barred or limited to the extent such recovery would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

### **ORIGINAL COUNTERCLAIMS**

1. Defendant ABC Pediatric Clinic ("ABC") asserts the following counterclaims against Jessica Stark ("Stark") under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §§ 1030(c)(4)(A)(i)(I) and 1030(g) (federal statute), and Texas Penal Code § 33.02(a)(state statute).

### **Parties, Jurisdiction and Venue**

2. ABC incorporates by reference herein, the admissions in paragraph 6 above in its

answer. The Court has jurisdiction over ABC's claims pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in the Southern District of Texas, Houston Division, because the events giving rise to the claims arose in Harris County, Texas

**Relevant Facts**

3. Stark worked for ABC from approximately April 20, 20215 until May 21, 2019. During the relevant period beginning in 2016, Stark worked for ABC as a billing manager. Mohammad Parvizian was Stark's supervisor.

4. On or about May 20, 2019, Stark voiced objections to another employee about the noise in her work area that Stark attributed to another employee. After meeting with Parvizian, Stark was allowed to go home for the remainder of the workday.

5. After Stark's departure, Jennifer Starnes, another manager reported ongoing threatening behavior by Stark including a threat that "made [Starnes] very worried" as follows:

> **Jennifers Starnes** <jennifer.starnes@abcpediatricclinic.com>    Mon, May 20, 2019 at 3:14 PM
> To: Parvizian Mo <moparv@gmail.com>
>
> I was threatened on many occasions by Jessica Stark, mostly they were threats saying I know a lot about you and things that you have done so if you say anything about what I tell you I will bring you down with me. She would tell me personal things about my employers that were not any of my business, that she knew only from close personal association with them. On May 6th 2019 a threat was made that made me very worried for mine and my families safety. Jessica threatened to come to my house and burn it down with me and my three young children in it, if I repeated anything she told me. I was so upset and anxious about this threat that I had a full blown panic attack on my way home and thought I was having a heart attack. I also the very next day changed all my contact information in regards to my children at my place of work to an old address so that she would not know where I resided.
>
> --
> Jennifer Starnes
> Business Office Representative
> Phone: 713-455-7777 ext 107
> Fax: 713-453-7337

6. As a result of Starnes' report, Parvizian decided to terminate Stark's employment on May 20, 2019. On May 20, 2019 at 4:31 p.m., Parvizian emailed Stark stating "[p]lease do not come to the clinic until further notice." On May 21, 2019, at 8:50 a.m., Parvizian sent an email to Stark communicating his decision to terminate her employment.

7. On May 20, 2019, without ABC's knowledge, permission or consent, Stark accessed an ABC desktop computer she used at ABC's office and altered the password used to log into such computer. ABC stored confidential ".pdf" format audit documents and related work product, in Microsoft Excel format, on the ABC desktop computer.

8. Despite repeated requests, Stark refused to provide Parvizian the correct password to the ABC computer. As a result, on May 22, 2019, ABC filed a police report the Harris County Sheriff's Department.

9. Eventually, approximately 7-10 days after her termination, and after intervention of law enforcement, Stark provided the correct ABC computer long-in credentials so that ABC could access the desktop computer and the confidential documents it needed for an ongoing audit.

10. Stark's unauthorized access and alternation of the ABC desktop computer password caused a delay in ABC's work on an ongoing audit. Such delay resulted in ABC having to divert employee work time to "catch up" on the audit work. ABC's diversion of employee time interrupted ABC's timely applications for Medicaid/Medicare reimbursement revenue resulting in a loss of revenue during such period. ABC also incurred the expense of engaging a third-party information technology vendor in connection with investigating and responding to Stark's unauthorized access of the ABC computer and unauthorized alteration of its log-in credentials.

### Counterclaim I – Violation of Computer Fraud and Abuse Act

11. ABC incorporates by reference the foregoing allegations in the preceding paragraphs.

12. Stark accessed ABC's protected computer without authorization after her termination to alter the log-in credentials of such computer.

13. Stark's unauthorized access caused damage or loss aggregating at least $5000 in

value during a 1-year period.

### Counterclaim II – Violation of Texas Penal Code Section 33.02(a)

14. ABC incorporates by reference the foregoing allegations in the preceding paragraphs.

15. Stark knowingly or intentionally accessed ABC computer, computer network or computer system without ABC's consent.

16. Such harmful access caused damage or loss to ABC.

### Prayer

WHEREFORE, Defendants and Counter-Plaintiff ABC Pediatric Clinic pray that Plaintiff's action is dismissed on the merits and with prejudice, that Plaintiff take nothing, that Defendants and Counter-Plaintiff ABC Pediatric Clinic are awarded damages, costs and reasonable attorneys' fees, and further relief, general and specific, to which they are entitled.

Dated: November 28, 2021      Respectfully submitted,

*/s/ Charles H. Wilson*
Charles H. Wilson
Federal I.D. No. 34581
State Bar No. 00797678
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
chawilson@littler.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by the Court's electronic filing system, email and/or certified mail, return receipt requested, on November 28, 2021, as follows:

Cory S. Fein
CORY FEIN LAW FIRM
712 Maun Street, Suite 800
Houston, Texas 77002
cory@coryfeinlaw.com

**ATTORNEYS FOR PLAINTIFF**

                */s/ Charles H. Wilson*
                Charles H. Wilson