IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Jessica Stark,** | § | |
| | § | |
| v. | § | |
| | § | Case No.  4:21-cv-03822 |
| **ABC Pediatric Clinic, P.A., et al.** | § | |
| | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM**

Plaintiff/Counterdefendant Jessica Stark ("Stark") files this reply in support of her Motion to Dismiss the First Amended Counterclaims of Defendant/Counterplaintiff ABC Pediatric Clinic, P.A. ("ABC".)

## I.  CFAA CLAIM MUST BE DISMISSED

**A.  ABC Does Not Plausibly Allege That Stark Was Not Authorized to Access Her Computer**

ABC's motion argues: "ABC further describes Stark's conduct—accessing the computer and altering the password and login credentials in direct violation of ABC's directive." (Dkt. 15 at 4.) However, ABC's counterclaim does not plausibly make this allegation. ABC's counterclaim alleges:

> On May 20, 2019, without ABC's knowledge, permission or consent, Stark accessed an ABC computer she used at ABC's office in connection with her job duties and altered the password used to log into such computer. . . . Stark's unauthorized access and alteration of the ABC desktop computer password caused a delay in ABC's work on an ongoing audit.

Dkt. 9 at ¶¶9-10. There is no dispute that Stark was employed by ABC on May 20, and that the computer she accessed was the one assigned to her by ABC. ABC fails to plausibly allege why Stark's access of the ABC computer she used at ABC's office, while she was employed by ABC, could have been without ABC's permission, or consent. ABC never alleges any plausible facts that

1

would explain why Stark lacked authorization to use this computer.

B.     **ABC Does Not Plausibly Allege That Stark Was Not Authorized to Change Her Password or Login Credentials**

ABC also does not plausibly allege that ABC prohibited her from changing her password or login credentials. ABC's original counterclaim was silent about Stark's authorization to change her login credentials. In response to Stark's motion to dismiss (Dkt. 7), ABC filed an amended counterclaim, adding an allegation that: "ABC provided Stark with the log-in credentials of the ABC computers and specifically prohibited Stark from accessing its computers to change such login credentials." (Dkt. 9 at ¶5). However, this is a threadbare, conclusory (and false) allegation added in a disingenuous attempt to defeat Stark's motion to dismiss. ABC fails to plead any factual support for this conclusory (and false) allegation.

ABC does not allege how or when it "specifically prohibited" Stark from doing anything regarding her computer while she was employed by ABC. Nor does it allege who did it or why it was done. For security purposes, most companies encourage their employees to regularly change passwords. ABC does not plead any facts at all to support the conclusory statement that it "specifically prohibited" Stark from changing her password, and it is not plausible that there was any such specific prohibition. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Rivers v. Costamare Inc.*, No. 4:19-CV-1781, 2021 U.S. Dist. LEXIS 111717, at *4 (S.D. Tex. Feb. 11, 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Factual allegations "must be enough to raise a right to relief above the speculative level" and a "conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim." *Luna v. Hays Cnty. Transp. Driver*, No. A-

22-CV-084-RP, 2022 U.S. Dist. LEXIS 18584, at *3 (W.D. Tex. Feb. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The Court should not permit ABC to avoid dismissal of its CFAA counterclaim by its disingenuous addition of a conclusory, threadbare, and implausible allegation regarding ABC prohibiting Stark from changing the password on her computer.

**C.    ABC's CFAA Claim Must be Dismissed Because ABC Does Not Plausibly Allege that Stark Lacked Authorization**

Even if ABC's counterclaim is deemed to plausibly allege that Stark was not authorized to change the password on the computer she used, ABC's CFAA claim must still be dismissed because, at most, it is focused on Stark's alleged misuse of her computer rather than her authorization.

Stark's motion to dismiss (Dkt. 11 at pp. 4-7) cited the following five cases in support of her proposition that an employee authorized to access her employer's computer could not be said to have acted without authorization or in excess of her authorization, and thus could not violate the CFAA:

(1)    *Lockheed Martin Corp. v. Speed*, 2006 U.S. Dist. Lexis 53108, at *15 (M.D. Fla. Aug. 1, 2006) ("Because Lockheed permitted the Employees to access the company computer, they were not without authorization. . . . The Employees fit within the very group that Congress chose not to reach, i.e., those with access authorization. It follows that § 1030(a)(4) cannot reach them.")

(2)    *Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 499 (D. Md. 2005) ("Although Plaintiff may characterize it as so, the gravamen of its complaint is not so much that [defendant] improperly accessed the information contained in [the computer], but rather what she did with the information once she obtained it. . . . CFAA, however,

do[es] not prohibit the unauthorized disclosure or use of information, but rather unauthorized access. Nor do[es CFAA's] terms proscribe authorized access for unauthorized or illegitimate purposes.")

(3) *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 609 (E.D. Va. 2005) (dismissing a CFAA claim because the company gave its employee permission or authorization to use the computer.)

(4) *In re America Online, Inc. Version 5.0 Software Litigation*, 168 F.Supp.2d 1359, 1370-71 (S.D.Fla. 2001) (citing legislative history of the statute shows that these provisions are intended to apply to outsiders who access a computer, not to insiders who access their computers with permission.)

(5) *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 965-66 (D. Ariz. 2008) (holding that an employee's access to confidential information while employed did not give rise to a cause of action under the CFAA noting that the legislative history supported a narrow view of the CFAA which was enacted to create a cause of action against computer hackers for conduct analogous to breaking and entering into a computer, rather than using a computer to commit an offense.)

ABC's response to Stark's motion did not even attempt to distinguish any of these five cases. Instead, it cited only one case in support of its position: *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 945-46 (N.D. Cal. 2014). *NovelPoster* is easily distinguishable; in *NovelPoster*, the defendant "acted without any authorization after NovelPoster says the contract was terminated, which thus rescinded any authorization to access any of the accounts." *Id*. at 944. By contrast, ABC never alleges that Stark accessed any computer after her termination or that ABC has rescinded her authorization at the time Stark used her computer; ABC's only allegation

4

involves Stark's access of her computer *during* her employment.

The *NovelPoster* court denied the motion to dismiss because it found that "whether authorization existed may require a factual inquiry beyond the scope of the threshold motion stage." *Id.* at 945. Here, there is no plausible allegation that Stark lacked authorization to access the computer assigned to her at ABC while she was employed by ABC.

The defendant in *NovelPoster* cited *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) ("*Nosal I*") for the proposition that the court should "dismiss[] a CFAA cause of action where an employee accessed a company database and transferred source lists to a competitor because the accused activity constituted misuse rather than unauthorized access, they did not access any protected computer 'without authorization' and, at most, engaged in misappropriation." The *NovelPoster* court distinguished *Nosal I* as follows:

> *Nosal I* is different from this case, however, because the defendants there undoubtedly had permission to access the company files but were accused of misusing those files to start a competing business. *See Nosal I*, 676 F.3d at 856. Here, there remains a question of whether the defendants were allowed to access the accounts at issue at all.

*NovelPoster*, 140 F. Supp. 3d at 946. The present case is akin to *Nosal I* (where the defendant had permission to access the computer and the CFAA claim was dismissed) and is easily distinguishable from *NovelPoster* (where there was a question as to the defendant's permission to access the computer.) In the present case there is no open question about whether Stark was allowed to access her computer. Accordingly, the only case cited by ABC does not support its position.

Even if the Court finds that ABC plausibly alleged that it prohibited Stark from changing her login or password, this is merely an allegation of misuse of the computer, not unauthorized access, and is not actionable under the CFAA.

## II. TEXAS CLAIM MUST BE DISMISSED

ABC's motion argues: "ABC clearly alleges that it 'specifically prohibited Stark from accessing its computer to change its login credentials,'" Dkt. 15 at 5 (citing Dkt. 9 at ¶¶9-10, 16-19.) To the contrary, this quoted language is not found in paragraphs 9-10, 16-19 of ABC's counterclaim. Paragraph 18 of ABC's amended counterclaim states: "Stark knowingly or intentionally accessed, as defined by Section 33.01 of the Texas Penal Code, ABC's computer network or computer system to alter its login credentials without ABC's actual or effective consent, in violation of Section 33.02(a) of the Texas Penal Code." But this is a bare recitation of the language of the statute. It includes no factual allegations to support why Stark lacked actual or effective consent to access the computer assigned to her by ABC while she was employed by ABC. ABC argues:

> In other words, the fact that Stark was provided some access to the ABC computer at issue as part of her job does not mean she had ABC's consent to access it to alter the login credentials *in violation of ABC's clearly described directive*.

Dkt. 15 at 5 (emphasis added.) However, ABC's motion fails to cite to any such "clearly described directive" alleged in ABC's counterclaim. In fact, ABC's counterclaim is completely silent on when or how it directed Stark that she was not authorized to change her login credentials. Nor does it allege who probihited it or why. ABC provides no plausible allegations for when or how it would have prohibited Stark from changing her login credentials. ABC's Texas claim suffers from the same defects as its CFAA claim, and it should also be dismissed.

## III. DISMISSAL SHOULD BE WITH PREJUDICE

ABC's counterclaims should be dismissed with prejudice. ABC mooted Stark's first motion to dismiss by filing threadbare, conclusory and implausible amended counterlcaims. ABC should not be given another opportunity.

**DATED:**   February 6, 2022

        Respectfully submitted,

        CORY FEIN LAW FIRM

        By:   */s/ Cory S. Fein*
        Cory S. Fein
        Cory Fein Law Firm
        712 Main St., Suite 800
        Houston, TX 77002
        cory@coryfeinlaw.com
        (281) 254-7717 (phone)
        (530) 748-0601 (fax)

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Cory S. Fein, certify that I filed this document with the Court's ECF system, on February 6, 2022, and thereby served all counsel of record.

        /s/ Cory S. Fein
        Cory S. Fein