IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA STARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-03822 |
| | § | |
| SILEN PAHLAVAN, SOGOL | § | |
| PAHLAVAN, MOHAMMAD PARVIZIAN, | § | |
| and ABC PEDIATRIC CLINIC, P.A., | § | |
| | § | |
| Defendants. | § | |

### JOINT STATUS REPORT

TO THE HONORABLE LYNN N. HUGHES:

Pursuant to the Court's Discovery Order [Dkt. 14], Plaintiff Jessica Stark and Defendants Silen Pahlavan, Sogol Pahlavan, Mohammad Parvizian, and ABC Pediatric Clinic, P.A. report the following status and next steps to advance the litigation.

In compliance with the Court's March 1, 2022 order, Mohammad Parvizian was deposed in his individual capacity and as Rule 30(b)(6) representative of ABC Pediatric Clinic on March 22, 2022.

### DEFENDANTS' STATEMENT

The Court's January 31, 2022 Discovery Order, required defendants to produce: "(a) all records of pay for similarly exempt emplyees during the same period of time as Jessica Stark's employment, and (b) all documents that show payment for babysitting services." *See* Dkt. 14 at ¶ 1 (emphasis added). Defendant ABC Pediatric Clinic produced all pay records for similarly exempt employees during the same period as plaintiff Jessica Stark's employment on March 1, 2022. At his deposition, Mohammad Parvizian confirmed that only one other salary-exempt

employee, Ehsan Abbasian, was similar to Plaintiff. The other individuals are health care providers (i.e., doctors) and defendant Mohammad ("Mo") Parvizian, ABC Pediatric Clinic's CFO. Because Plaintiff Jessica Stark was paid in cash for occasional babysitting the defendants do not possess documents showing payment for babysitting services.

To advance the litigation, Defendant requests the deposition of plaintiff within the next 30 days. In addition, and in advance of her deposition, Defendants request that the Court order Plaintiff to produce the following documents identified in her Rule 26 disclosures but not produced: (1) "text messages regarding agreement to pay for babysitting services"; (2) "[v]ideo of Jennifer Starnes defending Stark"; (3) Stark email regarding pay cut; and (4) [d]ocuments related to Stark's efforts to get employment after she was terminated by ABC."

Finally, and in response to Plaintiff's "Bad Faith Amendment of Counterclaim" argument below, Mo Parvizian testified, in part, as follows:

```
Q.   Okay.  Did you tell her you are not allowed
to change her password?

A.   I never told her to change the password of
the computer.
```

PLAINTIFF'S STATEMENT

I.     **BAD FAITH AMENDMENT OF COUNTERCLAIM**

ABC Pediatric Clinic, P.A. ("ABC") filed two counterclaims against Jessica Stark ("Stark") with its Answer (Dkt. 4) alleging violation of federal and state laws prohibiting computer hacking. Stark moved to dismiss the counterclaims arguing, among other things, that Stark was accessing the computer assigned to her by ABC, while she was employed by ABC, and that "ABC never alleges that Stark lacked the authority to change her password." (Dkt. 7 at 5.)

On January 6, 2022, ABC filed its First Amended Counterclaim to address some of the defects in its original counterclaims including adding the allegation that "ABC . . . specifically prohibited Stark from accessing its computers to change such login credentials." (Dkt. 9 at ¶5.) This allegation was recently contradicted by ABC's corporate designee (Mohammad Parvizian) in his March 22 deposition, when he admitted that ABC never prohibited Stark from changing her password. It is now clear that ABC's amendment of its counterclaims added a false factual allegation in a bad faith attempt to save its counterclaims from dismissal.

## II.   ABC'S RESPONSE TO COURT'S MARCH 1 ORDER

On January 31, 2022, the Court Ordered Defendants to produce the following by March 1, 2022: "(a) all records of pay for similarly exempt employees during the same period as Jessica Stark's employment, and (b) all documents that show payment for babysitting services." (Dkt. 14 at ¶1.)

In response to (a), Defendants produced only 4 documents—payroll records of Jessica Stark and one other employee (Ehsan Abbasian). During Mohammad Parvizian's deposition, ABC admitted that ABC had additional exempt employees (including ABC's doctors and other medical providers and Mohammad himself), but did not believe that the Court's order required production of those records.

In response to (b), regarding payment for babysitting services, Defendants produced nothing.

## III.   UPCOMING DISCOVERY

Plaintiff agrees to present herself for her deposition in Houston, Texas and produce the documents requested by Defendant. Plaintiff believes the parties should exchange requests for production and interrogatories. After the written discovery and Plaintiff's deposition, Plaintiff

3

would like to depose the following key witnesses:

1. Jennifer Starnes, Jessica Stark's co-worker who stated that Stark threatened to burn down Starnes' house and kill Starnes and her children.

2. Juanita Alanis, a representative of Texas Children's Health Plan, with knowledge of the improper billing committed by ABC and Jessica Stark's efforts to oppose it.

3. Defendant Silen Pahlavan, one of the pediatricians at ABC who had a close relationship with Jessica Stark and agreed to pay her for babysitting services.

Additional potential witnesses include:

4. Greg Farrar, ABC's IT consultant, who allegedly was monitoring ABC's systems for potential hacks by Jessica Stark.

5. Ehsan Abbasian, ABC's employee.

6. Defendant Sogol Pahlavan.

7. Cheree Castillega, Stark's co-worker whose loud phone calls disturbed Stark, leading to a dispute on the day Stark was fired.

8. Crystal Vasquez, ABC's employee who wrote a statement about the dispute between Castillega and Stark.

Dated March 25, 2022                    Respectfully submitted,

/s/ Cory S. Fein (By Permission)              /s/ Charles H. Wilson
Cory S. Fein                                  Charles H. Wilson (Attorney-in-Charge)
State Bar No. 06879450                        Federal I.D. No. 34581
CORY FEIN LAW FIRM                            Texas Bar No. 797678
712 Maun Street, Suite 800                    LITTLER MENDELSON, P.C.
Houston, Texas 77002                          1301 McKinney Street, Suite 1900

| | |
|---|---|
| Telephone:  281.254.7717<br>Facsimile:  530.748.0601<br>cory@coryfeinlaw.com<br><br>**ATTORNEY FOR PLAINTIFF** | Houston, TX  77010<br>Telephone:  713.652.4737<br>Facsimile:  713.456.2481<br>ChaWilson@littler.com<br><br>**ATTORNEY FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

On March 25, 2022, a true and correct copy of the foregoing document was duly served via the Court's e-filing system, on counsel of record as follows:

Cory S. Fein
CORY FEIN LAW FIRM
712 Maun Street, Suite 800
Houston, Texas  77002
cory@coryfeinlaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Charles H. Wilson*
Charles H. Wilson

4865-1874-3576.4 / 113844-1001