## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Jessica Stark, | § | |
| | § | |
| v. | § | Case No.  4:21-cv-03822 |
| | § | |
| ABC Pediatric Clinic, P.A., et al. | § | |
| | § | |

### PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff/Counterdefendant Jessica Stark files this Motion to compel Defendants to comply with their discovery obligations and for sanctions, and states as follows:

### I.    INTRODUCTION

Defendants have had a long history in this litigation of missing deadlines and ignoring their discovery obligations. Plaintiff has repeatedly attempted to work through these issues with Defendants without the involvement of the Court but has reached the point where it must seek the Court's intervention. Defendants' repeated disregard of their deadlines and obligations in this case have reached the point that the Court must get involved.

### II.    DEFENDANTS' REPEATED FAILURES

When Plaintiff originally filed this case, Defendants failed to respond to Plaintiffs' Original Petition by their deadline. Plaintiff had to remind Defendants that their deadline to answer had passed. (Exh. A.)

After Defendants removed the case to federal court on November 21, 2021, Plaintiff emailed Defendants about addressing the requirements in Judge Hughes' Order. Defendants ignored the email. (Exh. B.)

Defendants' counsel failed to attend the Court's initial scheduling conference on December 9. (*See* Docket No. 5, noting no appearance by Defendants' counsel.) Defendants' counsel failed

1

to notify the Court that he would not attend the hearing, and later explained that he missed the hearing because he "was away on a personal matter." (Docket No. 8.)

Defendants failed to serve disclosures and an initial document production, as required by Judge Hughes' Order ten days after removal. On December 14 he agreed to produce them in the next couple of days. He failed to meet that commitment. Plaintiff reminded him on December 17 (Exh. C), December 29 (Exh. D) and January 19 (*Id*.), that he was long overdue on meeting this obligation.

On July 11, Plaintiff notified Defendants that their June 7 deadline to respond to Plaintiff's discovery requests had passed. (Exh. E.) Defendants served their discovery responses on June 14 and they were evasive and incomplete. (Exh. F and G.) Defendants conspicuously excluded the date from their certificate of service on their responses, stating only: "I hereby certify that the foregoing document was served on Plaintiff via her attorney pursuant to the Federal Rules of Civil Procedure." (*Id*.)

On July 20, Plaintiff sent Defendants a letter (Exh. H) outlining the deficiencies in their discovery responses. On July 20 (Exh. I) and July 25 (*Id*.), Plaintiff emailed Defendants about their failure to meet their commitments regarding deposition scheduling.

On August 1, Defendants emailed an agreement to supplement their deficient discovery responses by August 15. (Exh. J.) On August 15, Defendants served supplemental responses (Exh. K and L) that added almost nothing, and agreed to provide an additional supplementation on August 18. (Exh. M at 2.) He failed to make the additional supplementation on August 18, and still has not done so.

As stated in the August 5 Joint Status Report (Dkt No. 28) the Court permitted Plaintiff to depose three witnesses (Ms. Starnes, Ms. Alanis, and Silen Pahlavan). Plaintiff has been requesting deposition dates for months, but Defendants continue to refuse to provide any dates. Defendants

asked to take a second deposition of Plaintiff before the deposition of these three witnesses. Plaintiff agreed and, on August 1, provided six dates for Plaintiff's second deposition (Exh. M,) but Defendants never responded to select a date. At this point Plaintiff is no longer willing to provide a second deposition and wants to go forward with the depositions of Starnes, Alanis and Pahlavan.)

On August 17, Plaintiff emailed Defendants' counsel about his failure to provide deposition dates and his failure to properly supplement his discovery responses. (Exh. M.) On August 19, Plaintiff reminded Defendants' counsel that he failed to respond with deposition dates (which he committed to do by August 16, and failed to supplement his discovery responses (which he committed to do by August 18), and never responded to the six dates provided to him to take a second deposition of the Plaintiff. (*Id.*) On August 24, Plaintiff followed up with another email asking about these failures. (*Id.*)

### III.   IMPROPER DISCOVERY RESPONSES

#### A.   Incomplete and Evasive Responses Regarding Babysitting Hours and Pay

The Individual Defendants' responses to interrogatories 2 and 3 are evasive and improper. These interrogatories ask about the number of babysitting hours worked by Stark and the amount of compensation Defendants paid her. Defendant's answers (that there was no agreement to pay her and that she was paid in cash) do not answer either question about the number of hours worked or the amount paid. (Exh. G at p. 4.) Defendants' supplemental answer states: "At most, no more than 2-3 hours," but fails to specify the days, weeks or years when this happened. (Exh. L at p. 4.) Additionally, the response is clearly false, as evidenced by numerous text messages produced by Plaintiff evidencing dozens of babysitting engagements, each lasting multiple hours.

Similarly, the supplemental response about the amount of payment was clearly false. Defendants responded: "The cash payment was no more than $50 and Plaintiff accepted such

amount." (Exh. L at p. 4.) This response also fails to specify the days, weeks or years when this happened.

## B.    Improper Citation to Documents in Responses 2, 3, 4, 5, 8, 11, and 12

ABC's responses to Interrogatories 2, 3, 4, 5, 8, 11, and 12, failed to answer the questions and instead stated either, "See deposition testimony of Mohammad 'Mo' Parvizian," or "See documents produced which reflect information responsive to this request." (See Exh. F at 3-5.) Plaintiff explained that citations to unspecified documents and deposition testimony are not acceptable responses, citing Federal Rule 33(d)(1), and case law.[1] (Exh. H.) Plaintiff informed Defendants that they either needed to respond to the interrogatories, or specifically cite the document (by bates number) or portion of deposition testimony (by page and line number) in sufficient detail to enable Plaintiff to locate and identify the information. Although Defendants agreed to cure this defect (Exh. J,) Defendants' Supplemental Responses (Exh. K and L) did not provide any additional information.

## C.    Other Agreements to Supplement

During counsel's meeting to confer about Defendants' inadequate discovery responses, Defendants agreed to supplement responses to multiple requests by August 15, and confirmed this in an email (Exh. J,) but they have failed to fully supplement.

## IV.    CURRENT SITUATION

The parties have no date scheduled for Plaintiff's second deposition. At this point, Plaintiff is no longer willing to be deposed a second time, absent Court order, because she has already been

---

[1] " " '[I]n relying on Rule 33(d) in an interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could.' *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). This generally requires an answering party 'to point to specific documents, by name or bates number,' and not pointing the requesting party generally to document productions. *Id.* at *10." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018).

deposed once for a full 7 hours, and Defendant has not cooperated in Plaintiff's attempts to schedule her second deposition.

The parties have no dates scheduled for the depositions of Ms. Starnes, Ms. Alanis, and Silen Pahlavan, which the Court first ordered to be completed by July 22 (Dkt. 27,) then ordered to be completed by September 30 (Dkt. 29.) Defendants should be ordered to produce these witnesses for deposition and to stop delaying.

Defendants have served deficient discovery responses and have ignored their own agreement to supplement. They should be ordered to fully supplement their responses and to face repercussions should they continue to engage in evasive discovery responses.

## V.    CONCLUSION

Because Defendants continue to miss their deadlines and ignore their obligations to participate in discovery, the Court should enter a motion to compel, and assess sanctions as appropriate.

**DATED:**      September 2, 2022

Respectfully submitted,

CORY FEIN LAW FIRM

By:      */s/ Cory S. Fein*
Cory S. Fein
Cory Fein Law Firm
712 Main St., Suite 800
Houston, TX 77002
cory@coryfeinlaw.com
(281) 254-7717 (phone)
(530) 748-0601 (fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, Cory S. Fein, certify that I filed this document with the Court's ECF system, on September 2, 2022, and thereby served all counsel of record.

/s/ Cory S. Fein
Cory S. Fein